J-S33004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR MALDONADO-RIVERA, | |
| Appellant | No. 2050 MDA 2016 |

Appeal from the PCRA Order Entered November 23, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000088-2006

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 06, 2017**

Appellant, Victor Maldonado-Rivera, appeals *pro se* from the post-conviction court's November 23, 2016 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's case are unnecessary to our disposition of his appeal.  The procedural history of his underlying convictions and direct appeal were previously summarized by this Court as follows:

> On May 25, 2006, Appellant entered into an open guilty plea to two counts of involuntary deviate sexual intercourse, one count of aggravated assault, and one count of indecent assault. Sentencing was deferred pending a Megan's Law evaluation by the Sexual Offenders Assessment Board. On October 4, 2006, the trial court determined that Appellant was a sexually violent

_____

[*] Retired Senior Judge assigned to the Superior Court.

predator, and sentenced him to an aggregate term of fourteen and one-half to twenty-nine years of imprisonment, plus a five-year probationary term. The trial court denied Appellant's subsequently filed post-sentence motion. Appellant filed a direct appeal to this Court. In an unpublished memorandum filed on March 11, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Maldonado-Rivera*, 972 A.2d 557 (Pa. Super. 2009). Our Supreme Court denied Appellant's petition for allowance of appeal on August 26, 2009. *Commonwealth v. Maldonado-Rivera*, 983 A.2d 727 (Pa. 2009).

*Commonwealth v. Maldonado-Rivera*, No. 215 MDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed June 12, 2012).

Appellant thereafter filed a timely PCRA petition (which was styled as a petition for writ of *habeas corpus*), arguing that he was denied the right to counsel at his preliminary arraignment. That petition was denied by the PCRA court without the appointment of counsel. On appeal, this Court remanded, directing that counsel be appointed. *See id.* On remand, appointed PCRA counsel filed a 'no-merit' letter and petition to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super 1988), and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). The PCRA court ultimately granted counsel's petition to withdraw and denied Appellant's petition. This Court affirmed on appeal. *Commonwealth v. Maldonado-Rivera*, 106 A.3d 166 (Pa. Super. 2014) (unpublished memorandum).

Appellant then filed another *pro se* PCRA petition on April 13, 2015, this time challenging the legality of his sentence under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The PCRA court denied that petition as being untimely filed, and this Court affirmed on appeal. *See*

*Commonwealth v. Maldonado-Rivera*, 141 A.3d 593 (Pa. Super. 2016) (unpublished memorandum).

On July 5, 2016, Appellant filed the petition underlying the present appeal, which he titled, "Motion to Correct[] Illegal And Unconstitutional Sentence '*Nunc Pro Tunc*.'" Therein, Appellant argued that several mandatory minimum sentences imposed in his case under 42 Pa.C.S. § 9718(a)(3) were illegal because that provision of section 9718 was not added until November of 2004, which was after he committed the offenses triggering the application of those sentences. On September 19, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely filed. Appellant filed a *pro se* response, but the court dismissed his petition by order entered on November 23, 2016.

Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion on February 8, 2017. Herein, Appellant states two issues for our review:

> A. Did the sentencing court err when it sentenced [Appellant], illegally, under a sentencing statute that did not exist at the time of the offense, violating the *ex post facto* laws of the Pa. and the U.S. [C]onstitutions, and did counsel fail to inform [A]ppellant that the court did not have the authority to sentence [A]ppellant under the amended sentencing statute rendering him ineffective for failing to perfect a direct appeal following a [j]udgment of sentence?
>
> B. Whether the sentencing court can waive the *ex post facto* violation issue as untimely[?]

- 3 -

Appellant's Brief at 1 (unnumbered).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 24, 2009, ninety days after our Supreme Court denied his petition for allowance of appeal from this Court's decision affirming his judgment of sentence.  *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).  Accordingly, Appellant had until November 24, 2010, to file a timely PCRA petition, making his petition filed in July of 2016 facially untimely.  Thus, for this Court to have jurisdiction to review the merits of Appellant's claims, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not present any argument that he meets a timeliness exception.  Instead, he seemingly relies on the fact that legality of sentencing issues cannot be waived; while that is true, such claims must first satisfy the PCRA's time limits.  *See Commonwealth v. Fahy*, 737 A.2d

214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits). Additionally, Appellant's suggestion that his trial/appellate attorneys acted ineffectively by not raising this legality of sentence issue also do not meet any timeliness exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted).

Because Appellant has failed to plead and prove the applicability of any timeliness exception to his claims, the PCRA court did not err in dismissing his untimely petition.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2017

---

[1] We also point out that, even if Appellant had pled and proven the applicability of an exception under section 9545(b)(1)(i)-(iii), he would be unable to meet the 60-day requirement of section 9545(b)(2), as he could have immediately discovered and presented his legality of sentence claim at the time those ostensibly illegal sentences were imposed in 2006. Therefore, Appellant's petition was properly denied for this reason as well.